UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN DEAN RITCHIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV02138 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant Allen Dean Ritchie's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [ECF No. 1]. The United States filed its response on March 3, 2011 [ECF No. 9].

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2010, a federal grand jury returned a five-count indictment against Movant Allen Dean Ritchie (Movant).[1]  (4:10CR00648 ERW, ECF No. 1).  The indictment charges Movant with two counts identity theft in violation of 18 U.S.C. § 1028(a)(7), two counts aggravated identity theft in violation of 18 U.S.C. § 1028A, and one count access device fraud in violation of 18 U.S.C. § 1029(a)(2).  *Id.*

The United States made a plea offer to Movant whereby it agreed to move to dismiss counts 1, 3, 4, and 5 if Movant would voluntarily plead guilty to count 2. (4:10CR00648 ERW, ECF No. 34).  In the plea agreement, the parties stipulated to the following facts: While working as a records clerk at Lewis, Rice, & Fingersh, L.C., a law firm in St. Louis, Missouri, Movant began representing himself as an attorney.  *Id.* at 3.  He attempted to obtain more than $12,000 in back pay for an

---

[1]    The underlying criminal case's CM/ECF number is 4:10CR00648 ERW.

incarcerated individual. *Id*. Movant's behavior was suspicious and an investigator with the Social Security Administration – Office of Inspector General contacted the law firm to inquire about Movant. *Id*. Then, the law firm began to investigate Movant. *Id*. The law firm discovered that Movant utilized his position to steal blank checks from trust accounts and account information. Movant wrote checks from various trust accounts to pay his personal living expenses. *Id*.

The investigation also uncovered that while working at Washington University, Movant accessed financial accounts of the university, its alumnae, and an individual identified as "R.L." to obtain cash, goods, and services. *Id*. at 4. The plea agreement stipulates that the actual loss from his conduct exceeded $ 5,000. *Id*.

Pursuant to the plea agreement, Movant stipulated to a base offense level of 6 and a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(B) because the loss exceeded $ 5,000.[2] *Id*. at 4-5. He also stipulated to a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A) because the offense involved more ten or more victims. *Id*. at 5. Movant did not stipulate to a two-level enhancement pursuant to U.S.S.G. § 3B1.3, abuse of position of trust. *Id*. Movant waived all rights to appeal all non-jurisdictional, non-sentencing issues and all sentencing issues other than criminal history. *Id*. at 6.

On March 24, 2011, the Court accepted Movant's plea of guilty to one count of identity theft in violation of 18 U.S.C. § 1028(a)(7). (4:10CR00648 ERW, ECF No. 33). On June 28, 2011, the Court sentenced Movant to a term of twenty-seven months of imprisonment. (4:10CR00648 ERW, ECF No. 46). The Court also ordered Movant to pay $7,455.82 in restitution.

---

[2] The 2010 version of the United States Sentencing Commission Guidelines Manual was used by the parties and the Court to calculate Movant's sentence.

2

Movant did not appeal the judgment and sentence.  Movant filed *pro se* the pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his Motion, Movant asserts that his attorney provided ineffective assistance of counsel by (1) failing to object to the two-level sentence enhancement pursuant to  U.S.S.G. § 2B1.1(b)(1)(B), (2) failing to object to the two-level sentence enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A), and (3) failing to object to the two-level sentence enhancement pursuant to U.S.S.G. § 3B1.3.

## II.   LEGAL STANDARD

Title 28 U.S.C. § 2255(a) allows a federal prisoner to move the court which imposed the sentence to vacate, set aside, or correct the sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003).

Claims brought under § 2255 also may be limited by procedural default.  A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence."  *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  This exception to the general procedural default rule exists

3

to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074,1076 (8th Cir. 1996).

If a movant is not procedurally barred from bringing a § 2255 motion, the court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). In contrast, a court may dismiss a claim without an evidentiary hearing, if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Tinajero-Ortiz v. U.S.*, 635 F.3d 1100, 1105 (8th Cir. 2011).

## III.    DISCUSSION

Movant asserts three claims for relief. Each claim is predicated on allegations of ineffective assistance of counsel. First, he alleges that his counsel was ineffective for failing to object to a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(B) because the actual financial loss did not exceed $ 5,000. Second, he asserts that his counsel was ineffective for failing to object to a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A) because the offense did not involve more

4

than ten individuals.  Third, he alleges that his counsel was ineffective for failing to object to a two-level enhancement pursuant to U.S.S.G. § 3B1.3 because he was not in a position of trust, and therefore, could not abuse a position of trust.

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's performance was deficient due to "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) that this "deficient performance prejudiced the defense" because "counsel's errors were so serious" they deprived movant of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1987).  The Supreme Court has held that this two-part test also applies in situations where a movant raises ineffective assistance of counsel claims after entering a guilty plea instead of proceeding to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  To satisfy the prejudice requirement in this situation, a movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Id.* at 59.  Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other.  *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating whether an attorney's performance was so deficient that it failed to meet the Sixth Amendment's guarantee of effective counsel, the Court applies "an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  Movant bears the burden of proving counsel's performance was unreasonable, considering all of the circumstances.  *Id.*  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

### A.    *Failure to Object to §§ 2B1.1(b)(1)(B) & 2B1.1(b)(2)(A) Sentence Enhancements*

Movant alleges that his counsel was ineffective because he failed to object to sentence

enhancements based on the financial loss created by Movant's offense, U.S.S.G. § 2B1.1(b)(1)(B), and the amount of victims, U.S.S.G. § 2B1.1(b)(2)(A). "The Guidelines provide for an enhancement where the loss attributable to the defendant's fraud exceeds $5,000." *United States v. Jenkins*, 578 F.3d 745, 749 (8th Cir. 2009) (citing U.S.S.G. § 2B1.1(b)(1)). Under this enhancement, the increase in offense level varies according to the amount of loss. *Id*. Section 2B1.1(b)(1)(B) adds two levels to the base offense where the loss is more than $5,000 but not more than $10,000. Under U.S.S.G. § 2B1.1(b)(2)(A)(i), two levels are added to the offense level if the offense involved ten or more victims. Movant now claims that the actual loss was under $ 5000 and that there were less than ten victims.

Movant's argument fails for two reasons. First, Movant stipulated to these enhancements, including the amount of loss and number of victims, in the plea agreement. (4:10CR00648 ERW, ECF No. 34 at 4-5). A criminal defendant is bound by the promises made in the plea agreement. *United States v. His Law*, 85 F. 3d 379, 379 (8th Cir. 1996). Because of Movant's stipulation to these enhancements, objecting to these enhancements would have been a breach of the plea agreement. *Id*.; *see also Schlichting v. United States*, 355 Fed. Appx. 84, 84-85 (8th Cir. 2009) (unpublished). Accordingly, Movant cannot show that his counsel was unreasonable for abiding by the binding plea agreement. The record conclusively shows that Movant agreed to these enhancements and his counsel was not constitutionally deficient.

### B.    *Failure to Object to § 3B1.3 Sentence Enhancement*

Movant alleges that his counsel was ineffective because he failed to object to the sentence enhancement based on U.S.S.G. § 3B1.3, abuse of position of trust. Movant did not stipulate to this enhancement in the plea agreement. At sentencing, his counsel did not object to the abuse-of-trust enhancement. Movant now argues that he never held a position of trust because he was only a

6

records clerk at the law firm, and therefore, the enhancement was erroneously applied.

During sentencing, the Court stated the following:

[T]he Court adopts as true the factual statements contained in the presentence report as its findings of fact. The 2010 version of the guideline manual was used. The guideline for violation of 18, United States Code, 1028(a)(7) and 2 is found in 2B1.1(a) of the manual. The base offense level is 6. Two levels are added under a stipulation of the parties that the loss was more than $5,000 but less than $10,000.
        Because the offense involved more than ten victims, including the following: Washington University, Truman Bank, RL, CN, JC, MZ -- I'll slow down a little -- KG, RD, RE, TI, MR, AS, and JR, two levels are added under 2B1.1(b)(2)(A).
        Two levels are added because the defendant abused a position of trust by exceeding and abusing his position to obtain and use without authority a means of identification under 3B1.3 and Application Note 2(B).

(4:10CR000648 ERW, ECF No. 51, Sentencing Tr. 4). Neither party objected to the presentence report and the Court relied on the facts therein to substantiate the sentence enhancements.

"Under U.S.S.G. § 3B1.3, the government must prove two elements by a preponderance of the evidence in order for the abuse of trust enhancement to apply: (1) defendant occupied a position of private trust, and (2) defendant used this position in a manner that significantly facilitated the commission or concealment of the offense." *United States v. Miell*, 661 F.3d 995, 998 (8th Cir. 2011) (citing U.S.S.G. § 3B1.3). Application note 2(B), cited by the Court during sentencing, states:

Notwithstanding Application Note 1, or any other provision of this guideline, an adjustment under this guideline shall apply to the following:
                                        ***
(B) A defendant who exceeds or abuses the authority of his or her position in order to obtain, transfer, or issue unlawfully, or use without authority, any means of identification. "Means of identification" has the meaning given that term in 18 U.S.C. 1028(d)(7). The following are examples to which this subdivision would apply: (i) An employee of a state motor vehicle department who exceeds or abuses the authority of his or her position by knowingly issuing a driver's license based on false, incomplete, or misleading information; (ii) a hospital orderly who exceeds or abuses the authority of his or her position by obtaining or misusing patient identification information from a patient chart; and (iii) a volunteer at a charitable organization who exceeds or abuses the authority of his or her position by obtaining or misusing identification information from a donor's file.

Movant is essentially arguing that it was unreasonable for his counsel not to object to this

7

abuse-of-position enhancement because the facts do not support the enhancement.  The record conclusively shows that the facts support the enhancement and counsel's choice not to object was reasonable.  Movant overlooks that in addition to his conduct at the law firm, his conduct at Washington University was used to calculate his sentence.  In light of Application note 2(B), the record overwhelming shows that Movant occupied a position of trust at Washington University and abused that position by misusing sensitive alumni information to swindle money from the University.  The presentence report states that Movant worked at the university in the Alumni and Development Department.  4:10CR000648 ERW, ECF No. 43 at 3.  His duties included making travel arrangements and appointments for university donors.  *Id*.  In that position, Movant had access to expense accounts, credit card accounts, and an alumni database that contained alumni personal information and donation history.  *Id*.  Movant would collect alumni registration fees for events and would then request a credit to be applied to that person's account.  *Id*.  at 4.  Then, Movant would funnel the credited funds to his personal bank account.  *Id*.  This scam cost the university $ 5203.  *Id*.  Counsel's performance was reasonable in light of these facts, and therefore, his performance was not constitutionally deficient.

## IV.   EVIDENTIARY HEARING

Movant has failed to show, and the record affirmatively refutes, that counsel's performance was deficient or that he was prejudiced.  Because the record affirmatively refutes these claims of ineffective assistance of counsel, an evidentiary hearing is unnecessary.  *Tinajero-Ortiz*, 635 F.3d at 1105.

## V.   CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued.  *See Cox v.*

*Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## V.    CONCLUSION

Movant has not established that his counsel's performance was constitutionally deficient or that he was prejudiced. Therefore, his claims of ineffective assistance of counsel are without merit. Moreover, the record affirmatively refutes his claims and his Motion may be denied without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that the Movant Allen Dean Ritchie's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**.

Dated this  20th  day of March, 2012.


_E. Richard Webber_

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

9